# THE ATTORNEY GENERAL
## OF TEXAS
### AUSTIN, TEXAS 78711
ATTORNEY GENERAL



March 15, 1976

The Honorable James Allen Payne
County Attorney
Sabine County
Hemphill, Texas  75948

Opinion No. H- 795

Re:  Whether it is a
violation of law for a
landowner's cattle to be
on a county road which
bisects the individual's
land in a county which
has adopted a county-
wide stock law.

Dear Mr. Payne:

You have requested our opinion regarding the legal con-
sequences of the presence of cattle on a county road which
bisects the cattle owner's property.  Article 6954, V.T.C.S.,
describes the procedure for holding an election to determine
whether cattle shall be permitted to run at large.  Sabine
County held such an election in 1968, and a county-wide
stock law was thereby approved.  Article 6965 provides that,
in counties where a stock law is operative,

> [i]t shall be the duty of any sheriff
> or constable . . . to seize any stock
> which may become known to him to be
> running at large on any outside premises
> . . . and impound the same in some place
> provided for that purpose. . . .

You ask:

> 1.  Whether the owner of the cattle is
> violating the stock law when the cattle
> are on the county road.

2. If so, whether the sheriff may law-
fully pursue the cattle onto the owner's
property in order to impound them.

3. Whether the designated class of the
county road has any effect on the appli-
cation of the stock laws.

Our answer to your first question depends upon the
definition of "running at large." In Ellis v. Lewis, 142
S.W.2d 294 (Tex.Civ.App. -- El Paso 1940, no writ), the
court construed a city ordinance which prohibited "the
running at large within the limits of the town . . . of any
cattle . . . ." The court declared that, for purposes of
the ordinance, an animal is

'running at large' . . . when off the
premises of its custodian within the
city limits with the consent or
aquiescence of such custodian, or by
reason of such custodian's negligence,
when it is not under the immediate
control of anyone. Id. at 296.
(Emphasis added).

Other jurisdictions are in accord with this view. In Missouri,
for example, a dog is said to be "at large" when "off the
premises of its owner's real property and not restrained by
a competent person." Sayers v. Haushalter, 493 S.W.2d 406,
409 (Mo.Ct.App. 1973). Thus, since the county road is not
part of the property of the cattle's owner, the cattle may,
while on the county road, be said to be "running at large,"
unless under the owner's control, e.g., being herded from
one pasture to another.

In order for a violation of the stock law to occur,
however, the owner of the cattle must be at fault. Schumacher
v. City of Caldwell, 206 S.W.2d 243 (Tex.Sup. 1947). See
also Ramey v. Richardson, 397 S.W.2d 288 (Tex. Civ. App. --
Amarillo 1965, writ ref'd n.r.e.); Davis v. Massey, 324
S.W.2d 242 (Tex. Civ. App. -- Waco 1959, no writ). In our
opinion, therefore, a violation of the stock law occurs only
if the cattle are off their owner's property and under no
one's immediate control, and, in addition, only if they are
there with their owner's consent or through his negligence.

As to your second question, it is our opinion that the sheriff may not lawfully pursue the cattle onto their owner's property for the purpose of impounding them. In Attorney General Opinion O-453 (1939), this Office held that,

> as long as stock remained on the owner's property, they would not be running at large, nor would the sheriff then have the right to impound them.

This Opinion did not specifically address the situation in which the cattle are on the public road when the sheriff first observes them, but wander off the road and onto their owner's premises when he attempts to apprehend them. In our view, however, this distinction can make no difference. The statute requires the sheriff to seize stock "known to him to be running at large." We do not believe that "to be" in this instance may be said to include "to have been," and as a result, the sheriff is not authorized to seize cattle unless they are, at the moment of seizure, off their owner's premises. Accordingly, a sheriff may not lawfully pursue cattle onto their owner's property in order to impound them.

Your third question inquires whether the designated class of county road has any effect on the application of the stock law. The commissioners court is directed by article 6704, V.T.C.S., to designate all county public roads as first, second or third class. Although there is a specific statutory provision dealing with the running at large of animals on state and U.S. highways, article 6971a, V.T.C.S., the statutes draw no distinction among classes of county roads. In our opinion, therefore, a county stock law, where adopted, is applicable to all classes of county roads.

S U M M A R Y

> An owner of cattle violates a county stock law when such cattle are on a county road, provided that the cattle are on the road under no one's immediate

control and with their owner's consent or through his negligence.  A sheriff may not lawfully pursue cattle onto their owner's property for the purpose of impounding them.  The designated class of the county road has no effect on the application of the stock law.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb